UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEMETRIUS D. TAYLOR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 2:20-cv-00329-JRS-DLP |
| | ) |
| RICHARD BROWN, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Demetrius Taylor, an inmate of the Indiana Department of Correction ("IDOC"), has filed a petition for a writ of habeas corpus challenging his prison disciplinary conviction in case number WVE 19-11-0038. For the reasons explained below, the petition is **DENIED**.

**I.
LEGAL STANDARD**

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II.
## BACKGROUND

On November 13, 2019, IDOC Correctional Officer A. Barker wrote a Report of Conduct charging Mr. Taylor with physically resisting staff, a violation of IDOC Adult Disciplinary Code B-235. Dkt. 9-1. The Report of Conduct states:

> On 11-13-19 at approximately 1140 hours, I c/o A. Barker was attempting to place Offender Taylor, Demetrius #902925 in mechanical restraints in GHU right side, shower #5. During the application of restraints, Taylor pulled his arm down and turned towards me. Offender Taylor was turned around and the mechanical restraint was put on his right wrist. Taylor has been identified by state I.D. and GHU Bld board (421).

*Id.*

On November 19, 2019, Mr. Taylor was notified of this charge when he received a copy of the Screening Report. Dkt. 9-2. He pleaded not guilty and requested the following evidence: definition of fleeing/resisting in IDOC Adult Disciplinary Code B-235; a copy of the targeted cell search protocol and procedure; application of mechanical restraint protocol and procedure; use of force reports describing the incident; witness statements from Officer Barker, Sergeant Chambers, Officer Ward, and Officer Vanvleet; video surveillance of the incident; and a copy of the intake review written by Nurse Chantell. *Id.*; dkt. 9-3.

Prison officials provided Mr. Taylor with the definition of fleeing/resisting in IDOC Code B-235. Dkt. 9-14. They denied his request for a copy of the targeted cell search protocol because no such protocol exists. Dkt. 9-3. They also denied his request for a copy of the IDOC application of mechanical restraint policy because this policy was deemed confidential. *Id.* They denied his request for the use of force reports because the reports were deemed confidential. *Id.*; dkt. 9 at 3. The respondent has submitted these reports as *ex parte* exhibits in this action. *See* dkts. 10, 11, 12,

13. The Court has reviewed these reports and finds that they are substantially similar to the description of the incident set forth in the Report of Conduct. *Id.*

> Officer Barker provided the following witness statement:
>
> [T]he cuff was placed on Taylor's left wrist first . . . [he] was complaining the cuff was too tight, but that was after he [turned] toward me, tightening the cuffs . . . I told him he was resisting and I applied the cuffs in the manner I did due to his lack of compliance . . . [W]e are trained to get the cuffs on however we can when an offender is being combative . . . I do not recall if I took the time to double lock [the cuffs in order to prevent them from tightening].

Dkts. 9-3, 9-11.

> Officer Ward provided the following witness statement:
>
> Mr. Taylor was upset and very loud and yelling, demanding to see Lt. Fischer, I ( C/O Ward ) advised Mr. Taylor that he wasn't going to yell at me. I report to Sgt. Chambers that Offender Taylor was stating his cuffs were too tight, I also advised offender Taylor that Lt. Fischer had exit the cell house, but I would let Lt. Fischer know he (Taylor ) wanted to speak with him. As I was exiting the cell house Lt, Fischer was returning to the cell house and I spoke with Lt. Fischer and advised him that (Taylor) wished to speak to him.

Dkt. 9-12.

> Sergeant Chambers provided the following witness statement:
>
> On 11-13-19 I Sgt. Ad. Chambers do recall Offender Taylor becoming upset and attempting to turn towards Officer A. Barker and myself. At that time Barker placed a hand on the center of Taylors back and pulled down on the restraint to gain compliance till the other wrist could be restrained. He did state (Barker put them on in a unprofessional manner). I do not recall any complaint of the restraint being tight till after he became resistive. After removing the restraints in D-Seg once Taylor was in a secured location there was a small indication of ligature mark which is why physical force was done and Taylor was seen by medical.

Dkt. 9-13.

Mr. Taylor asked Officer Vanvleet to describe the steps he took to investigate this incident, and Officer Vanvleet told him there was no video of the incident. Dkts. 9-3, 9-10.

3

Prison officials denied Mr. Taylor's request to view the video of the incident, but they provided him with a report that included the following summary:

> 11:05:02am – time on video – Offender Roper, Talon 211154 and Offender Taylor, Demetrius 902925 exit the cell GHU 421. An officer follows each of them as they walk to the showers by cell 40, neither offender is in mechanical restraints. Because of light fixture and lighting cannot see what takes place at the showers.
>
> 11:55:56am – Offender Roper is escorted back to cell 421 in mechanical restraints
>
> 11:56:18am Offender Taylor is escorted back to cell 421 in mechanical restraints
>
> 11:59:48am – Offender Taylor is removed from cell 421 in mechanical restraints. He is taken downstairs and escorted out the right fire door

Dkt. 9-9.

Prison officials denied Mr. Taylor's request to receive a copy of Nurse Chantell's intake review. Dkt. 9-3. The respondent implicitly concedes that prison officials lacked a proper basis to deny the request. Dkt. 9, pp. 3, 14. The intake review states, "Ofd. seen following use of physical force. Ofd. denies any injuries and none are visible at this time. Ofd. able to complete range of motion in bilateral wrists." Dkt. 9-15.

On December 18, 2019, this matter proceeded to a disciplinary hearing. Dkt. 9-7. Mr. Taylor provided the following written statement:

> I did not physically resist c/o A. Barker at any time during the incident on 11-13-19. Evidence will show that 'something happened' during the application of restraints, but what happened? C/o Barker alleges in his report that 'Taylor pulled his arm down and turned towards me,' but neglects to tell you that he literally slapped a cuff on my left wrist and hurt me. The force he applied caused the cuff to open from a locked position, spin around, and secure itself, causing me to wince in pain and verbally question why he'd just did that, but I did not physically resist. I did not pull my arm down and turn towards him as he alleged.
>
> I requested all of this 'evidence' in hopes of showing this Hearing Officer that c/o Barker hurt me. I did not resist, and that when I attempted to voice my complaint through the chain of command I was roughed up even more and ignored… still, I did not physically resist. Evidence will show that even after the cuffs were applied I remained compliant and officers completed their cell search without incident.

4

> I asked for the surveillance video knowing that it would prove that there was no physical resistance on my part. I was told by R. VanVleet, OII 'the video is blocked by the light, so I cannot see in the shower you were in.'
>
> I asked for a statement from Sgt. A. Chambers who was present and saw exactly what I did and said to prove that there was no physical resistance on my part. I did not pull my arm down and turn towards c/o Barker as he alleged. That would be a physical act of resisting. I merely turned my head to voice a complaint and c/o A. Barker is the one who pulled my arm down and got even rougher with me, as testified by Sgt. A. Chambers.
>
> Looking at the report of conduct, my statement, and the witness testimony from Sgt. A. Chambers, it is my hope that this Hearing Officer finds the preponderance of evidence to weigh in favor of a decision of not guilty.
>
> Note: I never received #s 1, 4 or 8 of the requested evidence to present at this hearing in my defense. This is a due process violation.

Dkt. 9-8.

The hearing officer considered Mr. Taylor's statement, the Report of Conduct, the use of force reports, the witness statements, the mechanical restraint policy, and Nurse Chantell's intake review. Dkt. 9-7. Ultimately, the hearing officer "believe[d] [the conduct report] to be true and accurate" but concluded that the conduct report was "better suited to charge of B252." *Id.* Accordingly, Mr. Taylor was found guilty of an amended charge for violating IDOC Adult Disciplinary Code B-252 interfering with staff. *Id.* He received a deprivation of 45 days earned credit time and a demotion in credit-earning class. *Id.*

Mr. Taylor appealed his disciplinary conviction to the Facility head and the IDOC Final Reviewing Authority. Dkts. 9-16, 9-17. These appeals were denied. *Id.* Mr. Taylor then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## III.
## DISCUSSION

Mr. Taylor argues that he was denied his right to adequate written notice when the hearing officer found him guilty of an amended charge. He also argues that he was denied his right to a written statement articulating the reasons for the disciplinary action because the Report of Disciplinary Hearing does not explain why the hearing officer believed the amended charge was more appropriate than the original charge.[1]

### A. Right to Written Notice of the Amended Charge

Due process entitles an inmate to "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations and quotation marks omitted). An inmate receives adequate notice of an amended charge if it has the same factual basis as the original charge. *Id.*; *Davenport v. Roal*, 482 F. App'x 183, 185 (7th Cir. 2012).

Mr. Taylor has not explained what he would have done differently if he had received additional notice of the amended charge. He had 29 days advanced written notice of the original charge. He was able to review the Report of Conduct, procure witness statements, and prepare a detailed written statement. His defense that he was compliant with the officers' requests and did not physically resist their commands could apply equally to either charge. The Court finds that the Report of Conduct provided Mr. Taylor with adequate written notice of the amended charge, and his request for relief on this ground is **DENIED**.

---

[1] Mr. Taylor withdrew additional grounds for relief in his reply. *See* dkt. 2, pp. 3-4; dkt. 19, p. 2.

### B. Written Statement of Disciplinary Conviction

"Due process requires that an inmate subject to disciplinary action is provided 'a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions.'" *Scruggs*, 485 F.3d at 941 (quoting *Forbes v. Trigg*, 976 F.2d 308, 318 (7th Cir. 1992)). "Ordinarily, a mere conclusion that the prisoner is guilty will not satisfy this requirement." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). Nevertheless, the written statement requirement is not "onerous," as the statement "need only illuminate the evidentiary basis and reasoning behind the decision." *Scruggs*, 485 F.3d at 941. The purpose of this requirement is to allow "a reviewing court . . . [to] determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct." *Id.*

The written statement provided enough information for Mr. Taylor to present his claims in a petition for a writ of habeas corpus and for the Court to review the record before issuing this Order. In the written statement, the hearing officer described the evidence presented at the disciplinary hearing, accepted the allegations in the Report of Conduct as true, and explained that the amended charge for interfering with staff was more appropriate than the original charge for fleeing/resisting. Additional discussion about the appropriateness of the amended charge as compared to the original charge was not constitutionally required. Accordingly, Mr. Taylor's request for relief on this ground is **DENIED**.

### IV. CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding that entitles the petitioner to the relief he seeks.

7

Accordingly, the petition for a writ of habeas corpus must be **DENIED** and the action **DISMISSED** with prejudice.

Mr. Taylor's motion requesting a copy of the respondent's return to the order to show cause, dkt. [18], is **DENIED AS MOOT**. Mr. Taylor subsequently filed a reply brief indicating that he had received a copy of the return.

Final judgment consistent with this Order shall now enter.

**IT IS SO ORDERED**.

Date:   2/1/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DEMETRIUS D. TAYLOR
902925
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov